IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Tahlia Smith,

        Plaintiff,

v.                                            Case No. 16-cv-2661-JWL

Louie's Wine Dive Overland Park, LLC et al.,

        Defendants.

**MEMORANDUM & ORDER**

Plaintiff filed this lawsuit against defendants Louie's Wine Dive Overland Park, LLC; Louie's Wine Dive Management Co., LLC; and Louie's Wine Dive Parent, LLC alleging that defendants terminated her employment and otherwise subjected her to disparate treatment on the basis of her race and/or in retaliation for complaining about race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. This matter is presently before the court on defendants Louie's Wine Dive Management Co., LLC and Louie's Wine Dive Parent, LLC's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 15). As will be explained, the motion is denied.

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will

not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Louie's Wine Dive Management Co., LLC and Louie's Wine Dive Parent, LLC move to dismiss the complaint on the grounds that plaintiff has failed to sufficiently allege that these two defendants were ever plaintiff's employer as required for liability under Title VII. Defendants concede that plaintiff has alleged in her complaint that the three defendant-entities were "single employers of Plaintiff with substantial interrelation of operations, common management, and common control over personnel practices, centralized control of labor operations, and common ownership and/or financial control." *See Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226–27 (10th Cir. 2014) (Under the single employer test, two entities can be found to effectively constitute a single employer if they are an "integrated enterprise." To make that determination, courts "generally weigh four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control."). Nonetheless, defendants assert that this allegation is conclusory and that plaintiff, at this juncture, is required to allege specific facts supporting her theory of liability against these two defendants.

The motion is denied. In addition to her general allegations concerning the four-factor test reiterated by the Circuit in *Knitter*, plaintiff alleges that the entities share a principal place of business and registered office; that the entities together operated the place of business where

plaintiff worked; and that all three entities employed plaintiff at that location. Considering the fact-intensive nature of the single-employer issue, see Bristol v. Board of County Commissioners of the County of Clear Creek, 312 F.3d 1213, 1221 (10th Cir. 2002), the court concludes that plaintiff should be able to explore in discovery the single-employer issue. Discovery may reveal that the parties are insufficiently intertwined to hold these defendants liable, but plaintiff has pleaded sufficient factual material to survive the motion to dismiss. *Anderson v. Finley Catering Co.*, 2016 WL 6440358, at *3-4 (E.D. Penn. Oct. 28, 2016) (denying Rule 12(b)(6) motion on single-employer issue where plaintiff did not allege specific facts but generally alleged four factors pertinent to single-employer test; precise contours of employment relationship could only be established by "careful factual inquiry" requiring discovery); *Creech v. P.J. Wichita, LLC*, 2016 WL 4702376, at * (D. Kan. Sept. 8, 2016) (complaint that referenced four factors of single-employer test and further alleged combined offices and shared policies was sufficient to withstand Rule 12(b)(6) motion).[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. 15) is denied.

**IT IS SO ORDERED.**

---

[1] The only Rule 12(b)(6) case that defendants cite in support of their motion is *Johnson v. Hix Corp.*, 2015 WL 7017374 (D. Kan. Nov. 10, 2015). That case is distinguishable because the plaintiff generally alleged a joint-employer relationship but failed to identify any relationship whatsoever between the two non-related corporate entities and failed to allege that the moving defendant even had the authority to terminate her employment. Here, clearly some relationship exists among the three named defendants and plaintiff has alleged facts pertinent to the single-employer test.

Dated this 9th day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge